IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASTLETON COMMODITIES SHIPPING CO. PTE. LTD., | § § § | CIVIL ACTION *Admiralty* |
| Plaintiff, | § § | |
| vs. | § § | |
| HSL SHIPPING & LOGISTICS (NA) INC. (formerly known as HUDSON SHIPPING LINES, INC.) and HUDSON SHIPPING LINES, INC. (LIBERIA), | § § § § § § | |
| Defendants. | § § | |

**VERIFIED COMPLAINT PURSUANT TO SUPPLEMENTAL RULE B**

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW Plaintiff, CASTLETON COMMODITIES SHIPPING CO. PTE. LTD. ("CCS" or "Plaintiff"), and for its Verified Complaint against Defendants, HSL SHIPPING & LOGISTICS (NA) INC. (formerly known as HUDSON SHIPPING LINES, INC. ("HSL")) and HUDOSN SHIPPING LINES, INC. (LIBERIA) ("HSL LIBERIA") (collectively "Defendants"), Disponent Owner of the M/V SILVER NAVIGATOR, respectfully represents upon information and belief as follows:

**JURISDICTION AND PARTIES**

1. This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court all within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper pursuant to 28 U.S.C. § 1333, 9 U.S.C. § 201 *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Complaint is instituted in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Certain Forfeiture Actions of the Federal Rules of Civil Procedure and in accordance with the provisions of Title 9 of the United States Code, § 201 *et seq.*, in order to obtain security pending a judgment of this Court and/or an award in foreign arbitration, and without waiver of the rights of Plaintiff, to attach other assets belonging to the Defendants, in order to fully secure Plaintiff's claims as more fully described herein.

3. At all times material hereto, Plaintiff CCS, was, and still is, a foreign company duly organized and operating under Singaporean law with a place of business at c/o Castleton Commodities International, LLC, 2200 Atlantic Street, Suite 800, Stamford, CT 06902 and is engaged in international commerce involving the trading and transportation of various bulk cargoes.

4. At all times material hereto, Defendant HSL was, and still is, a domestic corporation, or other business entity, organized and operating under, and existing by virtue of, Illinois law, with a place of business at 1650 Lake Cook Road, Deerfield, IL 60015 and was, upon information and belief, at all times material hereto the Disponent Owner of the motor vessel SILVER NAVIGATOR, having entered a head charter party in the name of its alter ego, HSL LIBERIA.

5. At all times material hereto, Defendant HSL LIBERIA was, and still is, a foreign corporation, or other business entity, organized and operating under, and existing by virtue of, Liberian law, and was at all times material hereto the named Disponent Owner of the motor vessel SILVER NAVIGATOR, having entered into a voyage charter party in such capacity with

non-party Tricon Energy, Ltd. at the direction of its alter ego Defendant HSL. *A copy of the M/V SILVER NAVIGATOR charter party is attached hereto as Exhibit 1*.

## CLAIM FOR BREACH OF CONTRACT

6. On or about 11 April 2014, Plaintiff and Defendant HSL entered into two bareboat charterparties, in which Plaintiff, as disponent vessel owner, agreed to charter newbuild bulk carriers to the Defendant, as time charterer, for a period of seven years. *A copy of the bareboat charterparties is annexed hereto as Exhibits 2 and 3 and hereinafter are referred to as the "Charters."* Although HSL LIBERIA was, upon information and belief, in existence at the time that the bareboat charterparties were agreed, Defendant HSL did not seek to enter into this contract in the name of HSL LIBERIA.

7. The ships to be chartered pursuant to the Charters are nearing finalized construction at a shipyard in Japan and Plaintiff has served notice to the Defendant HSL of its intention to deliver both ships into Defendant HSL's service under the Charters.

8. As a result of the Defendant HSL's failure to pay a sum of money into an escrow account to stand as security for its' obligations under the Charters, the Plaintiff commenced London arbitration before the London Maritime Arbitration Association ("LMAA"), in order, *inter alia*, to confirm the validity of the Charters and to compel Defendant HSL to pay the sums into an escrow account. *A copy of Plaintiff's arbitration demand dated April 2, 2015 is attached hereto as Exhibit 4*

9. Plaintiff and Defendant HSL submitted arbitration briefs and presented witnesses at hearings conducted in London, England, and on May 10 2016, the LMAA tribunal issued a Partial Final Award in Plaintiff's favor and ordered Defendant "… to co-operate with Castleton in establishing a Joint Order Escrow Agreement, and thereupon pay into the Joint Order Escrow

Account to be opened pursuant thereto the Initial Cash Amount of US $3 million per Vessel, and such other amounts as are presently due by way of security …", and the LMAA tribunal further determined that the Defendant "has been and remains in repudiatory breach of both . . . Charters by reason of its failure to provide security . . . ."

10. Following issuance of the Partial Final Award, the Plaintiff wrote to the Defendant HSL to agree to a proposed Joint Order Escrow Agreement and to fund the Joint Order Escrow Account.

11. Defendant HSL failed and refused to cooperate with the Plaintiff and thus a Joint Order Escrow Agreement was not established and a Joint Order Escrow Account was not funded.

12. On May 19, 2016 the Plaintiff terminated the Charters based on the Defendant HSL's repudiatory breaches of its obligations thereunder.  *See Plaintiff's termination notice to Defendant dated May 19 2016 attached hereto as Exhibit 5.*

13. As best as may be presently estimated, the Plaintiff calculates its damages due to Defendant HSL's aforesaid repudiatory breach of its charter party obligations in the sum of $8,040,155, calculated on the basis of the total bareboat hire obligation owed by HSL under the Charters over the seven year period ($40,129,200) less the fair market value of the vessels in the charter market over the equivalent period ($32,089,045), such damages being separable and distinct from Plaintiff's damages arising from Defendant HSL's repudiatory breach of its purchase obligations under the Charters.

14. The LMAA tribunal has continuing jurisdiction of disputes arising under the Charters and Plaintiff will seek to recover its aforesaid damages against Defendant HSL in further proceedings in the London arbitration before the LMAA tribunal.

15.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration conducted pursuant to English law.  The LMAA tribunal has already ordered Defendant HSL to pay the Plaintiff's costs of the arbitration up to the date of the Partial Final Award.  As best as can now be estimated, Plaintiff expects to recover the principal amount of $8,040,155, plus interest, costs, and attorneys' fees in an amount estimated at 50% of the principal amount, for a total anticipated award of $12,060,232 in respect of HSL's breaches of its obligation sunder the Charters.

## ALTER-EGO LIABILITY

16.     Defendant HSL LIBERIA chartered the motor vessel SILVER NAVIGATOR through a non-party named Maritime Brokers and Consultants ("MBC"). MBC is, upon information and belief, a wholly owned and dominated company of Defendant HSL. MBC is prominently noted on Defendant HSL's website, *http://hudsonshipping.com/*, as one of its "value chain partners." Non-party MBC's website, *http://www.marbrokers.com/*, states that it was formed in 1977, was acquired by Seatrade Transport International ("Seatrade") in the "late 1990's", and has the same office location as Defendant HSL which is also listed as a Seatrade company on the HSL website.

17.     While Defendant HSL LIBERIA does not appear anywhere on Defendant HSL's website, the M/V SILVER NAVIGATOR charter party states the following style for the vessel charterer: "Messrs. Hudson Shipping Lines Inc. Monrovia, Liberia Registered in Nassau, Bahamas *www.hudsonshipping.com* Charterers …" *See Ex. 1*.

18.     The websites for Defendant HSL and non-party MBC list an identical office address – 1650 Lake Cook Road, Deerfield, IL 60015, and phone number, (847) 564-4660. *See Contact Pages for Defendant HSL and non-party MBC websites attached hereto as Exhibit 6.*

19. On May 12, 2016, Defendant HSL LIBERIA, sub-chartered the M/V SILVER NAVIGATOR to garnishee Tricon Energy, Ltd. as reflected by a clean fixture recap, for a single voyage from Davant, Louisiana to Vizag, India. The fixture recap refers to "Hudson Shipping Lines Inc." as the Disponent Owners of the vessel without any mention, or reference, to Monrovia, Liberia. *See copy of clean fixture recap dated May 12, 2016 attached hereto as Exhibit 7*.

20. Defendant HSL LIBERIA agreed to the aforesaid sub-fixture through an individual named Justin Sieck and non-party MBC. The aforesaid clean fixture recap is signed off on by Justin Sieck whose email address in the header of the string of message is stated as [jsieck@marbrokers.com](jsieck@marbrokers.com) but the signature line refers to "Justin Sieck, HSL CHICAGO" and lists a phone number of +1 847 564 4660 – the same phone number on Defendant HSL and non-party MBC's websites. *See Ex. 7*.

21. Further, on April 12, 2016, Justin Sieck sent vessel certificates from this email address which yet again bears reference to Defendant HSL and the HSL phone number. *See email dated April 12, 2016 attached hereto as Exhibit 8*.

22. Justin Sieck's LinkedIn page states his current positions as both a Chartering Manager for Defendant HSL and a Broker for non-party MBC. *See LinkedIn profile for Justin Sieck attached hereto as Exhibit 9*.

23. Notwithstanding due diligence, Plaintiff has been unable to locate any *bona fide* online presence, or documentation, for Defendant HSL LIBERIA and cannot locate any connection for Justin Sieck to such an entity.

24.     On or about May 15, 2016, bunkers were supplied to the M/V SILVER NAVIGATOR via non-party World Fuel Services at the port of New Orleans, Louisiana. *See Bunker Confirmation attached hereto as Exhibit 10.*

25.     The aforesaid bunker confirmation was made to the attention of Defendant HSL Liberia in the care of an individual named William Ross and bears a further referenced to "MBC OPS" which, upon information and belief, is a reference to non-party MBC. The embedded email address for William Ross on the Bunker Confirmation states "William Ross (HSL)" and when clicked upon provides wross@hudsonshipping.com which is the email extension for Defendant HSL.

26.     As set forth in his Declaration submitted in an adversary proceeding pending in the United States Bankruptcy Court for the District of Connecticut, the O.W. Bunker bankruptcy proceeding, William Ross is the Energy Procurement Manager for Defendant HSL and has acted in this position since February 2010. Further, the aforesaid declaration annexes several bunker confirmation invoices each of which is addressed in the same manner as is the Bunker Confirmation attached hereto as Exhibit 11 with the sole exception that the word "LIBERIA" is added next to "HUDSON SHIPPING LINES, INC." *See William Ross Declaration attached hereto as Exhibit 11.*

27.     Upon information and belief, Defendant HSL LIBERIA is merely a shell-corporation through which Defendant HSL has commenced conducting its business of chartering vessels, purchasing bunkers and shipping cargo as a means to shield it from liabilities of creditors such as Plaintiff.

28.     Upon information and belief, Defendants share, or shared, common ownership, common directors, common employees, common office space and operations.

7

29. Upon information and belief, Defendant HSL LIBERIA has no bona fide separate, independent identity from Defendant HSL.

30. Upon information and belief, Defendant HSL LIBERIA is owned, operated, dominated and controlled by Defendant HSL.

31. Upon information and belief, Defendants are owned, operated, controlled and managed as a single economic enterprise ultimately controlled by common and overlapping shareholders, directors, officers, and/or managers.

32. Upon information and belief, Defendant HSL LIBERIA acts as the contracting entity for vessel charters and bunker purchases for Defendant HSL and these companies are effectively one and the same.

33. Based on the foregoing, as well as other activities, the Defendants conduct business as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of each Defendant susceptible to attachment and/or restraint for the debts of Defendant HSL to Plaintiff.

34. By virtue of the foregoing, Defendant HSL LIBERIA is properly considered a party to the CCS–HSL charter parties as the alter ego, alias, partner and/or joint venturer, of Defendant HSL.

35. Defendant HSL LIBERIA is the alter ego of Defendant HSL because the latter so dominates, controls and disregards HSL LIBERIA's corporate form to the extent that HSL LIBERIA is actually carrying on HSL's business and operations as if the same were its own, or vice versa.

36. In the alternative, Defendants HSL and HSL LIBERIA are partners and/or are joint venturers.

37. In the further alternative, Defendants are affiliated companies such that HSL LIBERIA is now, or will soon be, holding assets belonging to HSL, or vice versa.

38. Upon information and belief, Defendant HSL acts as paying agent, and/or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant HSL LIBERIA, and/or receives payments being made to Defendant HSL LIBERIA.

**Request for Rule B Relief**

39. Defendants, HSL and HSL LIBERIA, have no offices or place of business in the State of Texas and no agent for service of process and cannot be found within this district or within the State of Texas for the purpose of Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. However, Defendant HSL and/or Defendant HSL LIBERIA has, or will shortly have, assets comprising *inter alia*, goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible and intangible, in this district and within the state of Texas, including, but not limited to, freight payable from garnishee Tricon Energy, Ltd. for cargo carried on the M/V SILVER NAVIGATOR, which is now, or will be during the pendency of this action, a debt due and payable to the Defendants within this district, and which is within the jurisdiction of this Honorable Court.

40. Plaintiff accordingly seeks to attach Defendants' property within this jurisdiction, including but not limited to freight payable from garnishee Tricon Energy Ltd. for cargo carried on the M/V SILVER NAVIGATOR pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure by writ of foreign attachment to be issued against the freight due for cargo carried on the M/V SILVER NAVIGATOR.

41. In addition, Plaintiff seeks to garnish funds, chattels, property and other goods, including but not limited to bills of lading, belonging to Defendants in the possession of any other garnishees that may be located in the district, through service of a writ of garnishment and garnishment interrogatories.

42. The total quantum of the property to be attached to secure Plaintiff's damage claim arising from Defendant HSL's breaches of its charter party obligations under the Charters (as separable and distinct from its breaches of its purchase obligations under the Charters) is $8,040,155, and the amount of security required for the release thereof, as calculated herein, should be no less than 150% of that amount or $12,060,232.

43. This attachment pursuant to Supplemental Rule B is specifically sought to secure Plaintiff's claim against Defendant HSL in London arbitration pursuant to 9 U.S.C. § 208.

44. All and singular the foregoing premises are true and correct and within the Admiralty and Maritime Jurisdiction of this Honorable Court.

**WHEREFORE,** Plaintiff prays that:

1) Process in due form of law issue pursuant to Supplemental Rule B, and that Defendants' property within this District, including but not limited to freight due and payable for cargo carried on the M/V SILVER NAVIGATOR, be attached in the proceeding to the amount of the Plaintiff's claims stated herein, inclusive of recoverable costs, fees and interest, pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

2) Defendants, HSL and HSL LIBERIA, be summoned to appear here and answer all and singular, all of the allegations aforesaid under oath;

3) The Court retain jurisdiction over the Defendants' freight due and payable from

garnishee Tricon Energy, Ltd. for cargo carried on the M/V SILVER NAVIGATOR in order to enter a judgment upon any decree in these proceedings and/or the London arbitration proceeding;

4)   Alternatively, that the aforesaid freight be released upon the posting by Defendants of security in an acceptable form in the amount of no less than $12,060,232;

5)   If the Defendants fail to post security in an acceptable form and amount, that the Defendants' freight payment as described herein be deposited to the Court's registry to secure and/or satisfy the Plaintiff's claims herein;

6)   Alternatively, pursuant to Rule 64 of the Federal Rules of Civil Procedure, that at the commencement and during the course of this action, Plaintiff be permitted to avail itself of all remedies providing for the seizure of property for the purpose of securing satisfaction of the judgment ultimately to be entered in this action, as available under the circumstances and in the manner provided by the laws of the State of Texas;

7)   That pursuant to 9 U.S.C. §§ 201, *et seq.*, and/or the doctrine of comity ,this Honorable Court recognize and confirm any foreign judgment(s), or arbitration award(s), rendered on the claims had herein as judgment(s) of this Court;

8)   That Plaintiff be awarded its attorney's fees and costs of this action; and

9)   That Plaintiff be granted all such other and further relief as equity, justice and the nature of this case will allow.

Dated:  May 25, 2016

The Plaintiff,

CASTLETON COMMODITIES SHIPPING CO. PTE. LTD.

By: */s/ Christopher Johnsen*
Christopher Johnsen
Texas Bar No. 24072169
S.D. Admission No. 1067432
HOLLAND & KNIGHT LLP
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Phone: (713) 244-6878
Email: Chris.Johnsen@hklaw.com

*and*

Patrick F. Lennon
*Pro Hac Vice* Pending
Kevin J. Lennon
*Pro Hac Vice* Pending
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 490-6050
Facsimile: (212) 490-6070
E-mail: pfl@lmplaw.net
Email: kjl@lmplaw.net