IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASTLETON COMMODITIES SHIPPING CO. PTE. LTD., | § § § | CIVIL ACTION |
| Plaintiff, | § § | |
| vs. | § § | |
| HSL SHIPPING & LOGISTICS (NA) INC. (formerly known as HUDSON SHIPPING LINES, INC.) and HUDSON SHIPPING LINES, INC. (LIBERIA), | § § § § § § | |
| Defendants. | § § | |

**AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT**

State of Texas       )
                     )    ss.:    Houston
County of Harris     )

Christopher Johnsen, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Court and represent Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

**DEFENDANTS ARE NOT PRESENT IN THE DISTRICT**

2.  I have attempted to locate Defendants HSL SHIPPING & LOGISTICS INC. (formerly known as HUDSON SHIPPING LINES, INC.) and HUDSON SHIPPING LINES, INC. (LIBERIA) within this District. As part of my investigation to locate the Defendants within this District, I checked the Defendants' website hosted at www.hudsonshipping.com and the white pages and the yellow pages for Texas listed on the Internet or World Wide Web, and

did not find any listing for Defendants. Finally, I checked the Texas State Department of Corporations' online database which showed no listings or registration for Defendants.

3. I submit based on the foregoing that Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("Rule B").

## **DEFENDANTS' PROPERTY MAY BE FOUND IN THIS DISTRICT**

4. Upon information and belief, and based upon investigation carried out into Defendants' business, Defendants have, or will have during the pendency of this action, tangible and intangible property as the same is defined under Supplemental Rule B within this District and subject to the jurisdiction of this Court, held in the hands of non-party garnishees within this District, which are believed to be due and owing to Defendants.

5. Upon information and belief, Defendants have ongoing contractual obligations, or have had such obligations, that require the non-party garnishee, Tricon Energy Ltd., 777 Post Oak Boulevard, Houston, TX 77056, to make payments to Defendants. Thus, the likelihood that the non-party garnishees currently owe sums and funds to Defendants is high and satisfies the reasonable belief threshold.

## **PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER**

6. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Holland & Knight, LLP, or any other partner, associate, paralegal or agent of Holland & Knight, LLP, or any process server employed by Holland & Knight, LLP, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s),

together with any other garnishee(s) who (based upon information developed subsequent hereto by Plaintiff) may hold assets of, for or on account of, Defendants.

7. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against Defendant HSL.

8. To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, it is submitted that there is no sound reason to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ and the required use of a Marshal will cause delay, additional expense and provide no benefit in respect of the purpose for which Plaintiff has filed this action.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9. Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

Dated: May 25, 2016
       Houston, TX

                                                     Christopher Johnsen

Sworn and subscribed to before me
this 25th day of May, 2016

_____
Notary Public

DEBORAH K. LACHNER
Notary Public, State of Texas
Comm. Expires 11-21-2019
Notary ID 2240701

4