IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASTLETON COMMODITIES SHIPPING CO. PTE. LTD., | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-16-1472 *Admiralty* |
| HSL SHIPPING & LOGISTICS (NA) INC. and HUDSON SHIPPING LINES, INC. (LIBERIA), | § § § § § | |
| Defendants. | § | |

**FIRST AMENDED VERIFIED EMERGENCY MOTION FOR WRIT OF ATTACHMENT OF BUNKER FUEL ONBOARD THE NORD HYDRA**

Plaintiff Castleton Commodities Shipping Co. Pte. Ltd. asks the Court to issue a Writ of Attachment of bunker fuel located onboard the vessel Nord Hydra. HSL is the time charterer of the Nord Hydra and owns this bunker fuel. As previously determined by this Court, Castleton is entitled to attachment in the amount of $10,152,134.36 to secure Castleton's claims against Defendants in a London arbitration proceeding. Castleton seeks this relief on an emergency basis as the Nord Hydra is, or will be, afloat on the waters of this District for an unknown amount of time.

**BACKGROUND**

1.  Defendant HSL Shipping & Logistics (NA) Inc. and Castleton entered into two bareboat charter parties on April 11, 2014. *See* Charters, Exs. 1 & 2. Castleton later commenced London arbitration before the London Maritime Arbitration Association because HSL failed to pay money into an escrow account as security for its obligations under the Charters. *See* Arbitration Demand, Ex. 3. Castleton initiated the arbitration to confirm the validity of the Charters and compel HSL to pay the required money.

2. On May 10, 2016, the LMAA tribunal issued a Partial Final Award in Castleton's favor. *See* Castleton Comp. [Doc. 1] at ¶ 9. HSL, however, refused to cooperate with Castleton as ordered in the Partial Final Award, so Castleton terminated the Charters based on HSL's repudiatory breaches of its obligations. *See* Termination Notice, Ex. 4.

3. Castleton currently calculates its damages stemming from HSL's breach of its charter party obligations as $8,040,155. *See* Castleton Comp. [Doc. 1] at ¶ 42. Castleton expects to recover a total anticipated award of $12,060,232, which includes the principal amount of $8,040,155, plus interest, costs, and attorneys' fees in an amount estimated at 50% of the principal amount. *Id.*

4. Castleton later learned that Defendants sub-chartered the Silver Navigator, a vessel afloat on the waters of this District. To secure its claims against HSL in the London arbitration, Castleton filed a Verified Complaint on May 25, 2016. *See generally id.* In its Verified Complaint, Castleton requested that the Court "attach Defendants' property within this jurisdiction" pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Certain Forfeiture Actions of the Federal Rules of Civil Procedure. *Id.* at ¶ 40.

5. On Castleton's application, the Court issued an Order of Garnishment on May 26, 2016. *See* Order of Garnishment [Doc. 5]. This Order specified that Castleton is allowed a pre-judgment garnishment "for up to $12,060,232.00." *Id.*

6. Castleton served the Order of Garnishment on non-party garnishee Tricon Energey Ltd. and has been advised by Tricon that, at the time of service, it owed Defendant HSL $1,297,624.91, plus an additional $71,102.73. Castleton is awaiting Tricon's filing of an Answer and arrangements to be reached for these restrained funds to be held pending the outcome of this matter.

7. In addition to the Tricon debt owed to Defendant HSL, Castleton was able to attach bunker fuel on the Silver Navigator calling to New Orleans, and additional HSL funds in the hands

of an agent, for which substitute security in the form of a Letter of Undertaking was arranged in the sum of $539,370 was agreed. *See*, Letter of Undertaking, Ex. 5.

8.      Therefore, Castleton has obtained a total of $1,908,097.64 of pre-judgment security for its claim of $12,060,232.00, leaving it under-secured in the sum of $10,152,134.36 and due, to which it seeks permission to seek to obtain further security from Defendants.

9.      The Nord Hydra is owned by Dampskibsselskabet Norden of Denmark and is currently operating under a time charter party contract between Norden and HSL. Ex. 6, Denholm Dec. at ¶ 9, 11. As is standard practice in charter party contract, HSL, as the time charterer, owns the bunker fuel on the Nord Hydra. *Id.* at ¶ 12.

## ARGUMENTS AND AUTHORITIES

10.     For the same reasons stated in its Verified Complaint, Castleton is entitled to attachment under Rule B of bunker fuel owned by Defendants aboard the Nord Hydra. At the time Castleton filed its Verified Complaint, Defendants had no offices or place of business in Texas and no agent for service of process could be found within Texas for the purpose of Rule B. *See* Johnsen Affidavit [Doc. 1-2]; *see also Heidmar, Inc. v. Anomina Ravennate Di Armamento Sp.A. of Ravenna*, 132 F.3d 264, 267–268 (5th Cir. 1998) (holding that the time for determining whether a defendant is "found" in the district is set at the time of filing the verified complaint.).[1] Defendants have, or will have, assets within Texas and this District. These assets include, but are not limited to, bunker fuel currently onboard, or to be loaded aboard, the Nord Hydra. The Nord Hydra is now, or will be, afloat on the navigable waters of this District.

11.     Castleton accordingly seeks to attach Defendants' property within this jurisdiction, including, but not limited to, the bunker fuel onboard Nord Hydra. Castleton requests this attachment

---

[1] Two days after Castleton filed its Verified Complaint, HSL registered with the Texas Secretary of State. Though HSL's timing is unusual, its registration does not impact the determination of whether it could be "found" in this District under Rule B at the time Castleton filed its Verified Complaint. *Heidmar,* 132 F.3d at 267–268.

pursuant to Rule B by writ of foreign attachment to be issued against the bunker fuel carried on the Nord Hydra.

12. Additionally, Castleton seeks to garnish funds, chattels, property, and other goods, including, but not limited to, bills of lading, belonging to Defendants in the possession of the local agent of the Nord Hydra, T. Parker Host, through service of a writ of garnishment and garnishment interrogatories on T. Parker Host.

13. The total monetary value of the property to be attached to secure Castleton's claim arising from HSL's breaches of its charter party obligations under the Charters should be no less than $10,152,134.36. This attachment is specifically sought to secure Castleton's claim against HSL in the London arbitration.

14. Pursuant to Rule B, Castleton seeks for the Court to order the Clerk to issue a writ of attachment and garnishment directing the U.S. Marshal to attach the fuel bunkers onboard the Nord Hydra, located at Texas Terminals, Houston, or any other location within the District.

15. Castleton requests this relief on an emergency basis because the Nord Hydra will be afloat on the waters of this District with an estimated departure on June 15, 2016. This relief will ensure Castleton is fully protected against the potential of being unable to satisfy a judgment ultimately obtained by Castleton and entered against Defendants.

## PRAYER

Castleton prays that:

1) The Court issue a supplemental Writ of Attachment pursuant to Rule B and order that Defendants' property within this District, including, but not limited to, bunker fuel onboard the Nord Hydra, be attached in the amount of $10,152,134.36;

2) The Clerk issue a warrant of attachment commanding the United States Marshal for the Southern District of Texas to attach Defendants' bunker fuel onboard the Nord Hydra, located

at Texas Terminals, Houston, or any other location within the District;

3) The Court retain jurisdiction over Defendants' bunker fuel onboard the Nord Hydra to enter a judgment upon any decree in these or the London arbitration proceeding;

4) Castleton be granted all such other and further relief as equity, justice, and the nature of this case will allow.

Dated: June 15, 2016

Respectfully submitted,

By: */s/ Christopher Johnsen*
Christopher Johnsen
Texas Bar No. 24072169
S.D. Admission No. 1067432
HOLLAND & KNIGHT LLP
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Phone: (713) 244-6878
Email: chris.johnsen@hklaw.com

*and*

D. Leland
Admitted *Pro Hac Vice*
HOLLAND & KNIGHT LLP
633 17th Street, Colorado Plaza Tower I, Suite 2300
Denver, CO 80202
Phone: (303) 974-6643
Email: thomas.leland@hklaw.com

*and*

Patrick F. Lennon
*Pro Hac Vice* Pending
Kevin J. Lennon
*Pro Hac Vice* Pending
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 490-6050
Email: pfl@lmplaw.net
Email: kjl@lmplaw.net

OF COUNSEL:
Jason Huebinger
Texas Bar No. 24065460
Southern District No. 1717237
Holland & Knight LLP
1100 Louisiana Street, Suite 4300
Houston, Texas 77002

                                            ATTORNEYS FOR PLAINTIFF CASTLETON
                                            COMMODITIES SHIPPING CO. PTE. LTD.

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were electronically served on all counsel of record through the Court's ECF system on this ___ day of June, 2016.

                                            */s/ Christopher David Johnsen*
                                            Christopher David Johnsen