IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASTLETON COMMODITIES SHIPPING CO. PTE. LTD., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 4:16-cv-01472 |
| HSL SHIPPING & LOGISTICS (NA) INC. (formerly known as HUDSON SHIPPING LINES, INC.) and HUDSON SHIPPING LINES, INC. (LIBERIA), | § § § § § § § § | Admiralty |
| Defendants | § | |

**SUPPLEMENTAL MEMORANDUM REGARDING RES JUDICATA EFFECT OF DISMISSAL OF PARALLEL SUIT**

HSL Shipping & Logistics (NA) Inc. respectfully moves for leave to file the following brief supplemental memorandum in support of its pending Motion to Vacate & Dismiss for Lack of Subject Matter Jurisdiction, and would show that a recent Order by the Eastern District of Louisiana requires dismissal of all claims asserted by Castleton Commodities Shipping Co. PTE Ltd. ("Castleton") in this suit.

As the Court is aware, the parties to this action have been engaged in two parallel lawsuits: (1) the captioned matter; and (2) *Commodities Shipping Co. PTE Ltd. v. HSL Shipping & Logistics (NA), Inc.*, U.S. District Court for the Eastern District of Louisiana, Civ. Action No. 16-6619, the Honorable Judge Eldon E. Fallon presiding (the "Louisiana action"). The two suits are substantially identical; in both actions, Castleton has sought security under Admiralty Rule B for a London arbitration proceeding arising out of the alleged breach of the same two Contracts, which Castleton asserted were maritime contracts giving rise to subject matter jurisdiction under

1

28 U.S.C. § 1333.  On August 19, 2016, Judge Fallon issued an Order & Reasons holding, after due consideration, that the Contracts at issue in both lawsuits are non-maritime and that subject matter jurisdiction does not exist under 28 U.S.C. § 1333.  A copy of Judge Fallon's Order & Reasons is attached as Exhibit A.

Under the doctrine of res judicata, the Eastern District of Louisiana's ruling is dispositive of the motion to dismiss pending in this Court and requires dismissal. The test for res judicata contains four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."[1]  Because all four elements are met here, Castleton's assertion of admiralty subject matter jurisdiction is precluded by the Eastern District of Louisiana's holding that the Contracts at issue are non-maritime.  Specifically: (1) the parties to this lawsuit and the Louisiana action are identical; (2) the U.S. District Court for the Eastern District of Louisiana was competent to evaluate and rule on subject matter jurisdiction over the Contracts before it; (3) Judge Fallon's ruling that the court lacked subject matter jurisdiction due to the non-maritime nature of the Contracts is a judgment on the merits  as to Castleton's assertion of admiralty jurisdiction[2];  and (4) Castleton's claims in the instant suit are identical to the claims that were asserted in the Louisiana action.

---

[1] *Frank V. Minvielle LLC v. Atl. Refining Co.*, 337 Fed.Appx. 429, 434-35 (5th Cir. 2009).
[2] *See, e.g.*, *Ins Corp. of Ireland v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed. 492 (1982) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations – both subject matter and personal."); *Minvielle*, 337 Fed. Appx. at 435 ("Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration fo the same jurisdictional claims.").

Accordingly, because the jurisdictional challenge raised in HSL Shipping's Motion to Vacate & Dismiss has been resolved on the merits, and because that decision is res judicata between the parties here, HSL Shipping respectfully urges the Court to dismiss this action without further consideration.

Respectfully submitted,

CHAFFE MCCALL, L.L.P.

 */s/ Harold K. Watson*
**HAROLD K. WATSON**
**Attorney in Charge**
State Bar No. 20938500
Federal Bar No. 4345
Email: watson@chaffe.com
**Daniel A. Tadros**
Federal Bar No. 338713
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:  (713) 546-9806

and

**Alan R. Davis**
Louisiana Bar No. 31694
Admitted PHV: August 11, 2016 (DE 47)
Email: davis@chaffe.com
1100 Poydras Street, Suite 2300
New Orleans, Louisiana 70163
Telephone: (504) 585-7088

**ATTORNEY FOR DEFENDANT, HSL SHIPPING & LOGISTICS (NA) INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 23rd day of August, 2016, served a copy of the foregoing pleading on counsel for all parties to this proceeding by ECF Filing, and have provided a copy by e-mail or U.S. Mail to all parties not registered for ECF filing.

*/s/ Harold K. Watson*
Harold K. Watson

2758497-1